

# KEN PAXTON

### ATTORNEY GENERAL OF TEXAS

March 21, 2018

The Honorable Rod Ponton
Presidio County Attorney
Post Office Drawer M
Marfa, Texas 79843

Opinion No. KP-0187

Re: Authority of a county commissioners court to implement a health wellness plan that includes a monthly payroll deduction for county employees who use tobacco products
(RQ-0182-KP)

Dear Mr. Ponton:

You tell us the Presidio County Commissioners Court is considering approving a wellness incentive plan for Presidio County ("County") employees, and you ask about its authority to "implement a health wellness plan that penalizes county employees who use tobacco products through a monthly deduction off of their paycheck."[1] You describe a plan in which county tobacco-using employees who decline to enter a smoking cessation program would have a monthly paycheck deduction that you aver will be placed into a separate account to be spent in "any way that the County desires." Request Letter at 2. The Texas Association of Counties submitted briefing to this office indicating the wellness program is offered through the Texas Association of Counties Health and Employee Benefits Pool.[2] The Association Brief also states that the deduction is merely an adjustment to the employee's insurance premium and that the "contributions from county employees would presumably be placed in the group health and related benefits fund by the county and limited in use to paying for group health and related benefits." Association Brief at 3, 5. The differing descriptions of the plan raise uncertainty about the exact nature of the deduction at issue. Nonetheless, we consider the specific provisions of the Local Government Code to determine a county's general authority in this context. See Request Letter at 1–2.

A county commissioners court can exercise only such powers as the constitution or the statutes specifically confer. See TEX. CONST. art. V, § 18; Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948). Yet, "[w]here a right is conferred or obligation imposed on a [commissioners] court, it has implied authority to exercise a broad discretion to accomplish the purposes intended."

---

[1]Letter from Honorable Rod Ponton, Presidio Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Sept. 20, 2017), https://texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter"). A brief submitted in connection with your request states "that the program was not approved for implementation at the current time." Brief from Sheriff Danny C. Dominguez at 1 (Sept. 29, 2017) (on file with the Op. Comm.).

[2]See Brief from Stan Reid, Gen. Counsel, Tex. Ass'n of Counties at 1 (Nov. 6, 2017) ("Association Brief") (on file with the Op. Comm.).

*Anderson v. Wood*, 152 S.W.2d 1084, 1085 (Tex. 1941); Tex. Att'y Gen. Op. No. JC-0369 (2001) at 1. Relevant to your question and specific to payroll deductions, the Local Government Code authorizes a county to, "on the request of a county employee," authorize a payroll deduction for a number of specified purposes. TEX. LOC. GOV'T CODE § 155.001(a); *see also id.* §§ 155.002 (providing requirements for employee's request for deduction), 155.003 (providing for payment of administrative costs of making a deduction). One such purpose is the "payment relating to an item not listed . . . if the commissioners court determines that the payment serves a public purpose." *Id.* § 155.001(a)(5); *see also* Tex. Att'y Gen. LO-90-80 (1990) at 2 (stating with respect to predecessor statute that "any such deductions may be made only with the . . . employee's written consent"). Additionally, section 155.061 authorizes a payroll deduction for premiums for various types of insurance policies "on the request of a county . . . employee." TEX. LOC. GOV'T CODE § 155.061; *see also id.* §§ 155.062 (providing requirements for employee's request for deduction), 155.063 (providing for the administration of the deduction).

Section 157.101 authorizes a county to provide for group health and related benefits. *See id.* § 157.101; *see also id.* § 157.102 (authorizing a commissioners court to require persons participating in a group health plan offered by the county "to contribute toward the payment of the plan"). Article 3.51 of the Insurance Code also authorizes a county as a political subdivision to insure its employees "or any class or classes thereof under a policy or policies of group health." TEX. INS. CODE art. 3.51 § 1(a). "The premium for the policy . . . may be paid in whole or in part from funds contributed by the employer or in whole or in part from funds contributed by the insured employees." *Id.* You do not raise chapter 172 of the Local Government Code, but it authorizes political subdivisions, directly or through a risk pool, to provide health and accident coverage for officials, employees, retirees, and their dependents. TEX. LOC. GOV'T CODE §§ 172.004, .005(a); *see* Association Brief at 1 (describing the creation of the Health and Employee Benefits Pool by "political subdivisions entering into a charter interlocal agreement"). Subsection 172.013(c) authorizes a political subdivision, on written approval of the employee, to deduct from an employee's compensation an amount necessary to pay that person's contribution for coverage. TEX. LOC. GOV'T CODE § 172.013(c). Nowhere in these provisions do we find express authority for a county to deduct an amount from an employee's salary without the employee's consent on the sole basis that the employee is a user of tobacco products.

Yet, these provisions plainly authorize a county to provide different types of insurance, including health insurance, to its employees and to deduct an employee's portion of the premium from the employee's paycheck with written consent. Moreover, Insurance Code article 3.51 authorizes the county to provide insurance coverage to different classes of employees. *See* TEX. INS. CODE art. 3.51; *see also* Tex. Att'y Gen. Op. No. JC-0414 (2001) at 2 ("The commissioners court has discretion under [section 157.001 and article 3.51] to establish reasonable terms and conditions of health insurance coverage for county officers and employees, subject to judicial review for abuse of discretion."). Thus, to the extent the health wellness plan is a part of the county's provision of health insurance and the increased deduction from an employee's salary is because the employee, as a tobacco user, is in a class of employees for which the insurance

premium is higher, the deduction is likely within the county's express authority to offer insurance and to deduct the increased premium, with consent, from the employee's salary.[3]

---

[3]This opinion is limited to an examination of a county's authority under state statutes and does not address whether any particular wellness plan conforms to state and federal laws governing wellness programs, including Title II of the Genetic Information Nondiscrimination Act of 2008, Title II of the Americans with Disabilities Act, and the HIPAA nondiscrimination provisions, as amended by the Affordable Care Act. *See generally* Genetic Information Nondiscrimination Act, 81 Fed. Reg. 31143 (May 17, 2016) (to be codified at 29 C.F.R. 1635) (discussing various federal laws governing wellness programs offered by employers); *see also* 42 U.S.C. §§ 2000ff–2000ff-11, 42 U.S.C. §§ 12101–12117, 42 U.S.C. § 18001; 28 TEX. ADMIN. CODE §§ 21.4701–.4708 (Tex. Dep't of Ins., Wellness Programs).

## S U M M A R Y

No provision in the Local Government Code expressly authorizes a county to deduct an amount from an employee's salary without the employee's consent on the sole basis that the employee is a user of tobacco products. Yet, pursuant to its authority to provide health insurance to its employees under sections 157.101 and 172.013(c) of the Local Government Code and article 3.51 of the Insurance Code, a county is likely authorized to offer, in connection with its insurance coverage, a health wellness plan with an increased deduction from an employee's salary where the employee, as a tobacco user, is in a class for which the insurance premium is higher.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee